IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KAREN WEBB,

    Plaintiff,

v.                                                CIV No. 02-707 JC/KBM

RANDALL HARRIS, Individually
and in his official capacity as the District
Attorney of the Ninth Judicial District,
State of New Mexico; and the Ninth
Judicial District Attorney's Office,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants' Motion to Dismiss Counts I, III, IV, VII, and VIII of Plaintiff's Amended Complaint for Failure to State a Claim upon which Relief may be Granted, filed Aug. 16, 2002 (*Doc. 11*); Def. State of New Mexico's Motion to Dismiss Counts II and V of Pl.'s Amended Compl. for Pl.'s Failure to Name the Real Party in Interest or, in the Alternative, Motion to Dismiss State Claims for Failure to Properly Proceed Under the Appropriate Administrative Procedures and for Lack of Supplemental Jurisdiction, filed Aug. 16, 2002 (*Doc. 14*); and Defendant Randall M. Harris' Motion to Dismiss Count VI of Pl.'s Amended Comp. for Failure to State a Claim upon which Relief may be Granted, filed Aug. 16, 2002 (*Doc. 15*). Having reviewed the motions, the memoranda in support and all relevant authority, the Court finds: Defendants' motion to dismiss Counts I, III, IV, VII, and VIII granted in part and denied in part; Defendant State of New Mexico's motion to dismiss counts II and V granted in part and denied in part; and Defendant Harris' motion to dismiss count VI denied.

## I.    Background

This is a sexual harassment case brought by a female employee of the Ninth Judicial District Attorney's Office in the State of New Mexico. Plaintiff alleges eight claims against the District Attorney's Office and Randal Harris, the District Attorney. The specific claims are: (1) discrimination because of sex under Title VII, 42 U.S.C. §§ 2000e *et seq.,* against the Ninth Judicial District Attorney's Office; (2) New Mexico Human Rights Act (NMHRA), N.M. Stat. Ann. §§ 28-1-1 *et seq.,* violation against the Ninth Judicial District Attorney's Office and Harris; (3) retaliation under Title VII against the Ninth Judicial District Attorney's Office, and retaliation under the NMHRA against the Ninth Judicial District Attorney's Office and Harris; (4) 42 U.S.C. § 1983 deprivation of procedural Due Process against the Ninth Judicial District Attorney's Office and Harris in his official capacity for prospective relief, and Harris in his individual capacity for damages; (5) breach of contract against the Ninth Judicial District Attorney's Office; (6) defamation against Harris in his individual capacity; (7) discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12111 *et seq.,* against the Ninth Judicial District Attorney's Office for prospective relief, and discrimination under the NMHRA against the Ninth Judicial District Attorney's Office and Harris for prospective relief and damages; and (8) Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601 *et seq.,* claim against the Ninth Judicial District Attorney's Office for prospective relief.

Until her termination in 2001, Plaintiff Karen Webb was the Victim Impact Director at the District Attorney's Office. Defendant Randall Harris, was the District Attorney at that time and Plaintiff's supervisor. Webb asserts that throughout her employment Defendant Harris made sexual advances towards her and insisted upon sexual favors to which she reluctantly conceded. Plaintiff alleges that he requested she travel throughout New Mexico to meet him for sexual rendezvous; that he monitored her personal activities; and that he frequently telephoned her throughout the day and night. Due to these actions, Plaintiff sought counseling, for which Defendant Harris paid.

On May 21, 2001, Plaintiff filed an action in state district court against Harris, the State of New Mexico and the Ninth Judicial District Attorney's Office for various state and federal law claims. Defendants removed the case to the United States District Court for the District of New Mexico. By Stipulated Order of Dismissal, the court dismissed with prejudice Plaintiff's federal claim.[1] The Order stated: "the Plaintiff stipulates that Plaintiff will not plead or otherwise advance or allege any additional federal claims of any type based upon the Plaintiff's allegations set forth in Plaintiff's complaint." Stipulated Order of Dismissal of Count Three of Plaintiff's Complaint (Stipulated Order), CIV. No. 01-696 KBM/LCS, filed Aug. 20, 2001 (*Doc. 7*). Upon remand, the state district court dismissed with prejudice Plaintiff's state law claims except for her claim under the New Mexico Human Rights Act (NMHRA), which the court dismissed without prejudice, as she had not exhausted her administrative remedies.[2] On July 25, 2002, Plaintiff received an Order of Nondetermination from the State of New Mexico Department of Labor, Human Rights Division, allowing her to file her action. On May 31, 2002, Plaintiff received her right to sue letter from the Equal Employment Opportunity Division.

Subsequent to the Stipulated Order, Harris allegedly fired Plaintiff on August 23, 2001. Although the facts are vague, apparently Harris rescinded Plaintiff's termination without informing her and without reinstating her on the payroll. As Plaintiff did not realize her termination had been rescinded, she did not return to work. For the apparent reason of failure to report to work, on December 14, 2001, Defendant terminated Plaintiff a second time.

---

[1]Plaintiff's federal claim asserted various violations of her civil and constitutional rights. *Webb v. Harris,* CIV. No. 01-696 LCS/KBM, Comp. for Constitutional Deprivations, Intentional Infliction of Emotional Distress, Prima Facie Tort, for Violation of the Tort Claims Act, and Damages.

[2]The state district court dismissed with prejudice count II, Intentional Infliction of emotional Distress (Outrage)/Sexual Harassment; count IV, Prima Facie Tort; count V, Tort Claims Against the State of New Mexico, Risk Management, Ninth Judicial District Attorney's Office; and count VI, Injunctive Relief.

## II.   Standard of review

The court may not dismiss a cause of action for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief. *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 746 (1976); *Mangels v. Pena*, 789 F.2d 836, 837 (10th Cir.1986). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). The court must view all reasonable inferences in favor of the plaintiff and the pleadings must be liberally construed. *Id.* The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

In deciding a Rule 12(b)(6) motion, a federal court may only consider facts alleged within the complaint. *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). There are two exceptions to this rule. First, a district court may review "mere argument contained in a memorandum in opposition to dismiss" without converting the Rule 12(b)(6) motion into a motion for summary judgment. *Id.* (quotation omitted). Second, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobson v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

On a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12( b)(1), a party may go beyond the allegations contained in the complaint and challenge the facts upon which jurisdiction depends. *Holt v. United States*, 46 F. 3d 1000, 1003 (10th Cir. 1995). A Rule 12(b) motion to dismiss can challenge the substance of the complaint's jurisdictional allegation in spite of its formal sufficiency by relying on affidavits or any other evidence properly before the court. *New Mexicans for Bill Richardson v. Gonzales*, 64 F. 3d 1495 (10th Cir. 1995). A court has wide discretion to allow affidavits or other documents to resolve disputed jurisdictional facts under Rule

12(b). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion. *Holt*, 46 F.3d at 1003 (10th Cir. 1995). This standard applies to a court's *sua sponte* review for lack of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999) (applying same standard of review to *sua sponte* dismissal for lack of jurisdiction).

### III. Discussion

#### A. Eleventh Amendment Immunity

Defendant District Attorney's Office (DA's Office), in its motion to dismiss counts II and V, obliquely raises the defense of Eleventh Amendment immunity. Although Defendant does not discuss the issue in detail and only requests the Court to apply it to counts II and V, this Court *sua sponte* has determined to raise the issue of immunity concerning Plaintiff's counts III and VII. *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 389 (1998) (Courts may, but need not, raise Eleventh Amendment immunity on their own motion.).

##### I. Counts II, III, VII: New Mexico Human Rights Act claim against Defendants Ninth Judicial District Attorney's Office and Harris[3]

Plaintiff asserts that Defendant Harris subjected her to adverse employment actions due to her protestations and/or rejections of his sexual advances. She also claims that she suffered from a serious medical condition during her tenure at the DA's Office. Defendant's obtusely constructed defense makes two interrelated claims: (1) this Court cannot exercise supplemental jurisdiction over Plaintiff's New Mexico Human Rights Act (NMHRA), N.M. Stat. Ann. §§ 28-1-1 *et seq.,* claim because the proper "venue" is in state court;[4] and (2) the Eleventh Amendment bars the federal court from hearing

---

[3] In the interest of clarity, the Court is only discussing those portions of counts III and VII that assert NMHRA allegations. The remaining portions of counts III and VII are discussed in section A(IV) (count VII) and section B(count III). Those portions of Plaintiff's NMHRA claims that cannot be dismissed under Eleventh Amendment immunity also are addressed in section B(II).

[4] Venue concerns the place where the judicial authority may be exercised -- where the action may be filed. 17A *Moore's Federal Practice*, § 110.01[5][a] (Matthew Bender 3d ed.). Specifically, venue relates to the convenience of the litigants and the witnesses. Venue does not limit the powers of the court and only arises after the court has determined that it has subject matter jurisdiction. Venue provisions thus neither can confer nor

Plaintiff's state law claim. Def. State of New Mexico's Memorandum in Support of Mot. to Dismiss Counts II and V of Pl.'s Amended Compl. for Pl.'s Failure to Name the Real Party in Interest or, in the Alternative, Mot. to Dismiss State Claims for Failure to Properly Proceed Under the Appropriate Administrative Procedures and for Lack of Supplemental Jurisdiction, filed Aug. 16, 2002, at 5 (*Doc. 14*).

Defendant's first argument arises from the NMHRA's appeal provision, which states that a party who receives an adverse determination from the Human Rights Commission may seek a trial de novo "in the district court of the county where the discriminatory practice occurred or where the respondent does business...." N.M. Stat. Ann. § 28-1-13(A). The Act further states that "[t]he jurisdiction of the district court is exclusive and its judgment is final, subject to further appeal to the supreme court." § 28-1-13(C). Defendant argues that this provision places exclusive jurisdiction in state court, thus precluding a federal court from hearing NMHRA appeals. Although Defendant is correct that the NMHRA grants exclusive jurisdiction to state courts, states do not have the prerogative to enlarge or contract federal jurisdiction. *Markham v. City of Newport News*, 292 F.2d 711, 714 (4th Cir. 1961). Limitation of federal court jurisdiction is governed solely by federal law. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372 (1978). Allowing a state legislature to limit supplemental jurisdiction of federal courts would defeat the purpose of supplemental jurisdiction, including expediency, efficiency, convenience, and fairness to the parties. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); *Thompkins v. Stuttgart Sch. Dist. No. 22*, 787 F.2d 439, 442 (8th Cir. 1986).

Out of these issues of federalism has come a line of cases in this jurisdiction that has held that exclusivity provisions, such as found in the NMHRA, are an unconstitutional limitation upon federal

---

restrict a court's power to adjudicate. *Id.* As such, "venue" is not the proper term for whether a federal court may hear an issue of state law. Due to Defendant's subsequent jurisdictional arguments, the Court will assume Defendant intended to refer to jurisdiction rather than venue.

courts' supplemental jurisdiction. *Wojciechowski v. Harriman,* 607 F.Supp. 631, 635 (D.N.M. 1985) ("It is axiomatic that, pursuant to the supremacy clause, Article III preempts any contrary state law")*; Keller v. Albuquerque Bd. of Educ.*, CIV. No. 00-1667 (D. N.M. April 12, 2002) ("While this Court agrees that the exclusivity language of the NMHRA is clear and unambiguous, the Court concurs with Chief Judge Parker, then District Judge Baldock, Magistrate Judge Garcia, and Magistrate Judge Puglisi who have concluded that this provision of the NMHRA is preempted by the Judicial Improvement Acts of 1990, as codified 28 U.S.C. § 1367(c) [sic]."); *Leyba v. City of Santa Fe*, CIV No. 97-1186 (D. N.M. Sept. 8, 1999) (federal court has supplemental jurisdiction to hear plaintiff's NMHRA claim); *Vega v. Hill*, CIV. No. 96-1164 (D.N.M. Feb. 10, 1997) (states may not abrogate a federal district court's ability to exercise pendent jurisdiction). The Court thus finds that the exclusivity provision in the NMHRA is preempted by 28 U.S.C. § 1367.

Although this Court may exercise supplemental jurisdiction over a NMHRA claim, in this case, the question is whether the DA's Office is protected under the ambit of Eleventh Amendment immunity. If this Court determines that the DA's Office is an arm of the state, the Eleventh Amendment overrides supplemental jurisdiction and prevents the Court from hearing the claim. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119-23 (1984).

The Eleventh Amendment of the United States Constitution protects an unconsenting state from suit in federal court. *Id.* at 906. A state agency is shielded under the Eleventh Amendment if it is an arm of the state, for the Amendment's protections extend to the state, its instrumentalities, and its officers in their official capacities. *Hess v. Port Auth. Trans-Hudson Corp.,* 513 U.S. 30, 44-51; *Meade v. Grubbs*, 841 F.2d 1512, 1525 (10th Cir. 1988). This jurisdictional bar applies regardless of the relief sought. *Pennhurst*, 465 U.S. at 100. A narrow exception to the bar of Eleventh Amendment immunity occurs when a state official is sued for non-monetary prospective injunctive or declaratory relief from federal constitutional violations. *Id.* at 102-03.

To ascertain whether the DA's Office is an arm of the state, the Court engages in a two-part inquiry: (1) what degree of autonomy is given to the entity, as determined by the characterization of state law, and the extent of guidance and control exercised by the state; and (2) to what extent does the entity rely on funding from the state treasury as opposed to independent funding. *V-1 Oil Co. v. Utah St. Dep't of Pub. Safety*, 131 F.3d 1415, 1420 n. 1 (10th Cir. 1997). The critical factor is the source of payment for the judgment. *Sonnenfeld v. City and County of Denver*, 100 F.3d 744, 749 (10th Cir. 1996).

This Court ordered further briefing regarding the issue of whether the DA's Office is an arm of the state. Upon review of the briefs and relevant New Mexico statutory provisions, this Court finds that the DA's Office is an arm of the state. Pursuant to N.M. Stat. Ann. §§36-1-1 *et seq.*, the New Mexico legislature has enacted multiple provisions regarding district attorneys and their office. Such provisions include: (1) mandating that each new district attorney file in the office of the secretary of state an oath of office and a bond approved by a justice of the supreme court, § 36-1-1; (2) defining the appointment process for assistant district attorneys and other personnel, §§ 36-1-2, 36-1-5; (3) outlining the grounds for removal from office of a district attorney, § 36-1-9; (4) outlining the duties of district attorneys, §§ 36-1-18, 36-1A-12; (5) mandating that district attorneys shall not aid in the defense of an accused defendant and imposing a fine and a penalty of discharge from office if an attorney violates this provision, § 36-1-21; and (6) allowing for the appointment of a special assistant district attorney when a district attorney cannot prosecute a case due to ethical reasons or other good cause, § 36-1-23.1.

Another act that also indicates the State's intent to regulate the DA's Office is the District Attorney Personnel and Compensation Act. N.M. Stat. Ann. §§ 36-1A-1 *et seq.*. The purpose of this Act:

> is to establish for all district attorneys a uniform, equitable and binding system of personnel administration. The system...will provide for classifications, compensation,

>fringe benefits, disciplinary procedures, appeal rights and other aspects of state employment. The District Attorney Personnel and Compensation Act will also provide a system of classification and compensation for district attorney personnel that is comparable to the personnel system in effect for other similar state employees.

§ 36-1A-2. Such explicit guidance and regulation under two articles of the New Mexico legislative code dedicated to district attorneys indicates New Mexico's clear intent to control the DA's Office.

Moreover, the extent of financing independent of the state treasury is minimal. Pursuant to §§ 36-1-6, the legislature enumerated the compensation district attorneys shall receive and under § 36-1-8 provided that

>[a]ll salaries and expenses of the offices of the district attorneys, except the expenses of maintenance and upkeep of quarters occupied by the district attorneys and their staffs, shall be paid from funds appropriated to the district attorneys...upon warrants drawn by the secretary of finance and administration in accordance with budgets approved by the state budget division for the department of finance and administration.

§36-1-8. This section clearly establishes that the majority of funding for the district attorneys and their staffs comes from, and is controlled by, the state treasury. Travel expenses also are reimbursed from legislative appropriations to the district attorneys. § 36-1-3. Finally, pursuant to § 36-1-28, the legislature created a "district attorney fund" that consists of various fees, revenues, gifts, grants and donations. The legislature, however, specifically provided that the "[e]xpenditures from the fund shall be pursuant to budgets approved by the state budget division of the department of finance and administration...." § 36-1-28(C). Such language throughout the statutory scheme regarding not only the financing, but also the guidance and control of the DA's Office conclusively reveals New Mexico's intent to make the DA's Office an arm of the state. Plaintiff's NMHRA claims against the DA's Office, therefore, are barred, as it enjoys the protections of Eleventh Amendment immunity. *Re v. New Vistas*, No. 98-2335, 1999 WL 178695, at *2 (10th Cir. April 1, 1999) (holding that appellant may not sue the state in federal district or appellate court under the NMHRA).

Plaintiff fails to specify in what capacity she is suing Defendant Harris. As discussed previously, official capacity claims against a state official for violations of federal law are barred under the Eleventh Amendment unless the claims seek prospective injunctive relief. *Meade* 841 F.2d at 1525; *Edelman v. Jordan,* 415 U.S. 651, 662-65 (1974) (if damages are payable from the state treasury, the state is the real party in interest even though the official is the nominal party.). Under the ruling in *Pennhurst*, however, a federal court cannot exercise supplemental jurisdiction over suits against state officials in their official capacities for violations of state law. *Pennhurst*, 465 U.S. at 121 (Eleventh Amendment constitutional bar applies to pendent claims). In Plaintiff's Amended Complaint, under counts II, III and VII (NMHRA), she requests equitable relief, yet she generally fails to state against whom and in what capacity she requests this relief. Although "boilerplate recitation of... equitable relief is not an exemplary prayer for relief," *Frazier v. Simmons*, 254 F.3d 1247, 1254 (10th Cir. 2001), the Court, at this time, will assume that Plaintiff is seeking prospective injunctive relief against Defendant Harris in his official capacity, for the key inquiry is "whether [Plaintiff's] complaint gives *any indication* that she might be entitled to injunctive relief." *Id.* (emphasis in original). In this case, the nature of Plaintiff's harms she allegedly suffered makes her claims amenable to injunctive relief due to her wrongful termination claims. *Id.* at 1255 (court concluded that Plaintiff gave sufficient indication that he was entitled to equitable relief, as his claims included wrongful termination). Yet, because Eleventh Amendment immunity extends to state law claims against state officials, this Court cannot exercise supplemental jurisdiction over Plaintiff's NMHRA claims against Defendant Harris in his official capacity.

Due to the liberality a court must afford a plaintiff's complaint, this Court also will construe Plaintiff's complaint to encompass individual capacity claims against Defendant Harris. These claims are not barred under the NMHRA. *Sonntag v. Shaw*, 22 P.3d 1188, 1193 (N.M. 2001) (holding that the NMHRA provides for individual liability). The Court thus will dismiss Plaintiff's claims (counts

-10-

II, III, VII) under the NMHRA against the Ninth Judicial District Attorney's Office and against Defendant Harris in his official capacity.[5,6] At this time, however, the Court will retain jurisdiction over Plaintiff's individual capacity claims against Defendant Harris.

## II.     *Count V: Breach of contract*

As discussed previously, due to this Court's determination that the DA's Office is an arm of the state, Plaintiff's breach of contract claim against the DA's Office is dismissed.

## III.    *Count VII: Americans with Disabilities Act*

Plaintiff claims that she was disabled under the ADA, as she had a record of impairment while employed at the DA's Office. Plaintiff's claims are barred under the ADA for two reasons: Congress did not validly abrogate states' immunity under the Act, and it is barred under the doctrine of res judicata/claim preclusion.

The Eleventh Amendment "'evidenc[es] and exemplif[ies]' a concept of sovereign immunity implicit in the Constitution broader than the explicit language of the Amendment might suggest." *Thompson v. Colorado*, 278 F.3d 1020, 1024 (10th Cir. 2001) (quoting *Idaho v. Coeur d'Alene*, 521 U.S. 261, 267-68 (1997)). Today, courts have recognized three exceptions to a state's immunity. First, a state may waive its Eleventh Amendment immunity and consent to be sued. *Coeur d'Alene*, 521 U.S. at 267. Plaintiff argues that by allowing her to substitute the DA's Office for the State of New Mexico as a defendant, it has consented to be sued. The Court finds no merit in Plaintiff's contention. Waiver will only be found when stated in the "most express language or by such overwhelming implication from the text 'as to leave no room for any other reasonable construction.'" 17A Moore's § 123.41[1][a] (quoting *Hess*, 495 U.S. at 305). Courts will resolve every reasonable

---

[5] The Court notes that Defendant Harris is no longer the district attorney. As such, any official capacity claims are automatically transferred to his successor. Moore's, vol. 17a § 123.40[3][a][vi] ("When a public officer who is sued in his official capacity dies, resigns, or otherwise ceases to hold office, the action does not abate and the successor is automatically substituted as defendant."); Fed. R. Civ. P. 25(d)(1).

[6] The Court will address Defendants' res judicata arguments regarding counts III and VII in section B.

presumption against a state's waiver of sovereign immunity. *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 682 (1999). The Court finds that the mere substitution by name of the DA's Office does not meet the stringent standards required for a waiver of immunity.

Second, because state officials may be stripped of any official or representative capacity if they violate federal constitutional rights, plaintiffs may sue them personally for prospective injunctive relief for. 17A Moore's § 123.40[3][a]. This legal fiction, known as the *Ex parte Young* doctrine, is necessary to allow federal courts to vindicate federal rights and to hold state officials responsible for their unconstitutional conduct. *Ex parte Young*, 209 U.S. 123, 159-60 (1908). As Plaintiff has not sued a state official under this count, the *Ex parte Young* exception to Eleventh Amendment immunity is not proper.

Finally, under Section V of the Fourteenth Amendment, Congress may abrogate states' sovereign immunity. *Thompson*, 278 F.3d at 1025. Congress, however, must clearly express its intent to abrogate, and it is the court's role to determine whether the legislation exhibits "congruence and proportionality between the injury to be prevented or remedied and the means adopted to that end." *Id.* at 1028 (quoting *City of Boerne v. Flores*, 521 U.S. 507, 520 (1997)).

Plaintiff fails to state under which title of the ADA she is suing. This omission, however, is not critical, as the Supreme Court held that Title I was not a valid abrogation of the states' Eleventh Amendment immunity, *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356 (2001), and this Circuit in *Thompson*, 278 F.3d at 1034, found that Title II was not a valid abrogation of the states' Eleventh Amendment immunity. This Court thus dismisses Plaintiff's ADA claim against the DA's Office as barred by the Eleventh Amendment.

Even assuming the Eleventh Amendment were not a bar to Plaintiff's ADA claim, it is barred under the doctrine of claim preclusion. Under Plaintiff's ADA claim, Plaintiff asserts that while she

was at the DA's Office she was disabled and "had a record of impairment." Pl's Amended Comp. at 11. As is evidenced from this assertion, her claims under the ADA accrued prior to the Stipulated Order, which dismissed her federal claim and proscribed any further federal claims. Plaintiff cannot defeat claim preclusion by alleging new legal theories upon the same facts as in the previously dismissed action. *Plotner v. AT&T Corp.*, 224 F.3d 1161, 1170 (10th Cir. 2000). The Court finds that Plaintiff is simply asserting a new legal theory regarding the same facts as in the previous action and thus dismisses Plaintiff's ADA claim.[7]

## B.     Res Judicata/Claim Preclusion

Defendant asserts that Plaintiff's counts I, III, IV, VII, and VIII should be dismissed under the doctrine of res judicata or claim preclusion.[8] Defendant argues that these federal counts are barred due to this Court's prior Stipulated Order of Dismissal in which Plaintiff agreed to dismiss all of her federal claims with prejudice. Stipulated Order of Dismissal of Count III of Plaintiff's Complaint, CIV No. 01-696 LCS/KBM, filed Aug. 20, 2001. The Order states that "Plaintiff hereby stipulates that Plaintiff will not plead or otherwise advance any additional federal claims of any type based upon the Plaintiff's allegations set forth in Plaintiff's complaint."

Under the doctrine of claim preclusion, a claim is barred if: (1) there is a judgment on the merits in the earlier action; (2) the parties in the second action are the same or in privity with those in the first action; and (3) the cause of action in the second suit is the same or is similar to that of the first action. *Yapp v. Excel Corp.*, 186 F.3d 1222, 1227 (10th Cir. 1999). In the present case, Plaintiff contests the first and third elements.

---

[7] The doctrine of claim preclusion is discussed in more detail in section B.

[8] As discussed previously, this Court dismissed count V in its entirety, and portions of counts II, III and VII pursuant to Eleventh Amendment immunity.

I.  *Count I: Discrimination because of sex under Title VII against the Ninth Judicial District Attorney's Office*

Defendants contend that count I is clearly barred pursuant to the language of the Stipulated Order, for its broadly worded language encompasses any federal claims that Plaintiff would wish to bring in the future. Defendant argues that not only is there a judgment on the merits, but the causes of action are identical in both suits. The Court agrees with Defendants' contention.

First, a stipulated voluntary dismissal with prejudice, approved by the court, is a judgment on the merits. *Clark v. Haas Group, Inc.,* 953 F.2d 1235, 1236 (10th Cir. 1992). Plaintiff contends that the Court cannot deem the dismissal as on the merits, for it should have been without prejudice since she had not exhausted her administrative remedies under Title VII at the time of the Stipulated Order. Plaintiff's cases in support of her assertion are not persuasive, for none concerns a stipulated order to which the plaintiff voluntarily waived her rights. Instead, the cases generally concern a court's improvident dismissal with prejudice of a case upon a motion by the defending party. Moreover, this Court finds no merit in Plaintiff's assertion, for the Stipulated Order clearly enunciates Plaintiff's waiver of any further federal claims of any type based on her allegations in her first complaint, whether or not they were ripe at the time of dismissal.

Second, Plaintiff's claims under this count are similar, if not identical, to those she asserted in her first action. The Tenth Circuit has adopted the transactional approach of the Restatement (Second) of Judgments for determining the contours of a cause of action. *Yapp,* 186 F.3d at 1227. The factors include: "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or useage." *Id.* (quoting Restatement § 24). In Plaintiff's first complaint she alleged that Defendant Harris made sexual advances to which she reluctantly acceded. Specifically, he harassed Plaintiff into taking out of town trips with him for the purpose of sexual encounters. Plaintiff also alleged that during this period, when she attempted to break off the relationship,

Defendant Harris retaliated against her at home and at work. She claimed that this sexual relationship caused grave physical and emotional harm to her. The first complaint further stated that after Plaintiff informed Defendant Harris that the relationship was causing her emotional stress, Defendant Harris agreed to give her time off and to pay for psychological and emotional counseling.

In the present action, Plaintiff's Amended Complaint states that: (1) Defendant Harris insisted upon sexual favors from Plaintiff, and when she refused he subjected her to adverse employment actions; (2) the relationship caused her mental and physical tribulations; (3) Defendant Harris requested she travel with him in order to engage in sexual relations; and (4) Defendant Harris agreed to pay for counseling. Plaintiff's only additional allegation is that Defendant Harris fired her due to her complaints against him.

Plaintiff's current Title VII sexual discrimination claim is so factually similar to her broadly articulated federal claim in her first action, that the addition of the termination allegation, which occurred subsequent to the Stipulated Order, is not sufficient to create a distinct cause of action. *Norman v. Niagara Mohawk Power Corp.,* 873 F.2d 634, 638 (2nd Cir. 1989) (Although acts may occur after the first decision on the merits, if they arise from a single core of operative facts, they are all part of the same cause of action.).

II.  *Count III: Retaliation Under Title VII Against the Ninth Judicial District Attorney's Office, and retaliation against Harris under the NMHRA[9]*

Defendant argues that Plaintiff's count III should be dismissed under the doctrine of claim preclusion. This argument is not well taken. Plaintiff alleges that due to her engagement in protected activity under Title VII and the NMHRA, Defendant Harris terminated her employment. Plaintiff sufficiently asserts that her termination occurred subsequent to the Stipulated Order, and it is well-settled that such claims are not barred under claim preclusion. *Lawlor v. Nat'l Screen Serv. Corp.,*

---

[9] Plaintiff's retaliation claim under NMHRA against the DA's Office and Harris in his official capacity was dismissed in section A due to Eleventh Amendment immunity.

349 U.S. 322, 328 (1955) ("While [a] judgment precludes recovery on claims arising prior to its entry, it cannot be given the effect of extinguishing claims which did not even exist and which could not possibly have been sued upon in the previous case."). Due to the timing of Plaintiff's termination, it is not "related in time, space, origin, or motivation" to her first action. *Clark*, 953 F.2d at 1239.

Plaintiff also has properly exhausted her administrative remedies. Upon remand, the state district court dismissed without prejudice Plaintiff's NMHRA claim due to failure to exhaust her administrative remedies. Plaintiff has received her notice of non-determination from the New Mexico Department of Labor, Human Rights Division, and her right to sue letter from the EEOC. *McBride v. Citgo Petroleum Corp.,* 281 F.3d 1099, 1106 (10th Cir. 2002) (failure to exhaust administrative remedies before the EEOC deprives this court of subject matter jurisdiction). This Court thus has jurisdiction to hear Plaintiff's Title VII claim against the DA's Office and Plaintiff's NMHRA claim against Defendant Harris in his individual capacity.

### III.    *Count IV: Deprivation of Due Process*

Plaintiff contends that Defendants deprived her of her procedural Due Process rights, as they did not afford her a meaningful opportunity to be heard prior to her termination. For the reasons discussed above allowing Plaintiff's Count III, the Court finds that this claim is not barred by claim preclusion, as it concerns her termination.

### IV.    *Count VIII: Family Medical Leave Act*

Plaintiff states that due to Defendant Harris' alleged harassing behavior, she requested and was granted, FMLA leave from April to September 2001. Yet, on August 23, 2001, Defendant DA's Office terminated her employment. Plaintiff further states that she was eligible for FLMA leave, for she had worked in the DA's Office for more than twelve months and had worked in excess of 1,250 hours during the previous twelve month period.

Upon these facts, Plaintiff's FMLA claim, 29 U.S.C. § 2615, sufficiently demonstrates that

she could not have raised it in the prior litigation, as it arises from her termination. The Court thus finds that Plaintiff's FMLA claim is not barred by res judicata.[10]

**C.     Defamation**

Plaintiff is suing Defendant for alleged defamatory statements he made to a newspaper after he left office. Defendant construes Plaintiff's Amended Complaint as suing him in his individual capacity under the New Mexico Tort Claims Act (NMTCA). Defendant argues that he is entitled to immunity under the Act, for Plaintiff's amended complaint does not indicate that the alleged statements fell outside the scope of his duties as a state employee, or that they occurred after he left office. Upon reviewing the Amended Complaint, it is unclear whether Plaintiff's claims fall under the NMTCA. Plaintiff's facts simply state that on July 1, 2002, the Clovis News Journal published certain allegedly defamatory statements made by Defendant against Plaintiff. The amended complaint further states that these statements are false, and Defendant knew or should have known, or recklessly disregarded the fact that they are false.

It is only in Plaintiff's Surreply where it becomes apparent that she is intending to sue Defendant, not in his individual or official capacity, implicating the NMTCA, but as an individual.[11]

---

[10] At this time, the Court will not dismiss Plaintiff's FMLA claim on Eleventh Amendment immunity grounds. Although the majority of circuits has determined that the FMLA did not validly abrogate states' immunity, the Tenth Circuit has not addressed the issue. *Laro v. New Hampshire*, 259 F.3d 1, 9-16 (1st Cir. 2001); *Hale v. Mann*, 219 F.3d 61, 69 (2nd Cir. 2000); *Chittister v. Dep't of Cmty and Econ. Dev.,* 226 F.3d 223, 228-29 (3rd Cir. 2000); *Lizzi v. Alexander*, 255 F.3d 128, 134-36 (4th Cir. 2001); *Kazmier v. Widmann*, 225 F.3d 519, 524-29 (5th Cir. 2000); *Sims v. Univ. of Cincinnati*, 219 F.3d 559, 562-66 (6th Cir. 2000); *Diaz v. Fort Wayne Foundry Corp.*, 131 F.3d 711, 712 (7th Cir. 1997); *Townsel v. Missouri*, 233 F.3d 1094, 1096 (8th Cir. 2000); *Garrett v. Univ. of Alabama Bd. of Trustees*, 193 F.3d 1212, 1220 (11th Cir. 1999).

Contrary to the majority of Circuits, the Ninth Circuit determined that the FMLA did validly abrogate states' immunity. *Hibbs* v. *Nevada Dep't of Human Resources*, 273 F.3d 844 (9th Cir. 2001), *cert. granted*, 122 S.Ct. 2618 (U.S. June 24, 2002) (No. 01-1368). The decision is now before the Supreme Court.  Pending the Supreme Court's ruling, this Court will defer ruling on Eleventh Amendment immunity.

[11] A district court may review "mere argument contained in a memorandum in opposition to dismiss" without converting the Rule 12(b)(6) motion into a motion for summary judgment. *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

Under this claim, Plaintiff repeatedly states that she is suing Defendant in his individual capacity. The phrase "individual capacity" is a term of art. Due to the liberality the court must afford a Plaintiff at the motion to

Pl's Surreply Opposing Def.'s Mot. to Dismiss Counts II, V and VI, filed Jan. 28, 2003, at 4-5 (*Doc. 51*). Because this Court must liberally construe Plaintiff's pleadings at the motion to dismiss stage, the Court finds that her bare facts are sufficient to meet her burden of proof for a state law defamation claim against Defendant Harris as an individual. Defendant's motion to dismiss count VI is thus denied.

## IV.     <u>Conclusion</u>

Pursuant to Eleventh Amendment immunity, the Ninth Judicial District Attorney's Office is dismissed as a Defendant under Plaintiff's NMHRA and breach of contract claims (counts II, III, V, VII (also denied under claim preclusion)). Plaintiff's claims under counts II and III against Defendant Harris in his official capacity for prospective injunctive relief are barred.

Under the doctrine of claim preclusion, this Court finds Plaintiff's Title VII sexual discrimination claim (count I) barred. Plaintiff's Title VII retaliation claim (count III) against the DA's Office is not barred, nor is Plaintiff's NMHRA claim (count III) against Harris in his individual capacity barred. Plaintiff's Due Process claim (count IV) is not barred. Plaintiff's ADA claim (count VII) is not barred. Plaintiff's FMLA claim (count VIII) is not barred. Finally, this Court finds that Plaintiff's count VI properly states a claim upon which relief may be granted.

Wherefore,

IT IS ORDERED that Defendant's Motion to Dismiss Counts I, III, IV, VII, and VIII of Plaintiff's Amended Complaint for Failure to State a Claim upon which Relief may be Granted, filed Aug. 16, 2002 (*Doc. 11*) is GRANTED in part and DENIED in part;

IT IS ORDERED that Def. State of New Mexico's Mot. to Dismiss Counts II and V of Pl.'s

---

dismiss stage, the Court will assume that Plaintiff is intending to assert a claim against Defendant as an individual unattached to a state agency. If, in the future, it becomes evident that Defendant was an employee at the time of the alleged defamatory statements, the Court may revisit the issue.

Amended Compl. for Pl.'s Failure to Name the Real Party in Interest or, in the Alternative, Mot. to Dismiss State Claims for Failure to Properly Proceed Under the Appropriate Administrative Procedures and for Lack of Supplemental Jurisdiction, filed Aug. 16, 2002, at 5 (*Doc. 14*) is GRANTED in part and DENIED in part;

IT IS FURTHER ORDERED that Defendant Randall M. Harris' Mot. to Dismiss Count VI of Pl.'s Amended Comp. for Failure to State a Claim upon which Relief may be Granted, filed Aug. 16, 2002 (*Doc. 15*) is DENIED.

DATED March 25, 2003.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiff:
    Geoffrey D. Rieder, Esq.
    Wayne R. Suggett, Esq.
    SILVA, RIEDER & MAESTAS, P.C.
    Albuquerque, New Mexico

Attorney for Defendants:
    Jerry A. Walz, Esq.
    WALZ & ASSOC.
    Albuquerque, New Mexico